UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADISLAV POTAPOV, | No. 1:26-cv-01641-DAD-DMC (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| KRISTI NOEM, et al., | |
| Respondents. | (Doc. Nos. 1, 7) |

On February 26, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On May 22, 2026, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 7.) On May 26, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 8.)

On May 26, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 9.) In that opposition, respondents concede that there are no material legal differences between this case and *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025). (*Id.* at 1.) Respondents also state that they rest on their prior briefing and note that this case also appears to be similar to *Franco v. Meyer*, No. 1:25-cv-01620-

1

DAD-CKD (E.D. Cal. Nov. 25, 2025) insofar as petitioner was re-detained at an adjustment of status interview. (*Id.*; *see also* Doc. No. 5 at 4 n.1.) Finally, respondents do not oppose the court ruling on the merits of the underlying petition on the current briefing. (Doc. No. 9 at 1.)

Based upon a review of the briefing, the court finds the following facts. On May 31, 2022, petitioner entered the United States at a port of entry through inspection. (Doc. No. 1 at ¶¶ 11–12.) Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) and placed into removal proceedings. (*Id.*) On June 12, 2024, an immigration judge ordered petitioner removed from the United States *in absentia*. (*Id.* at ¶ 31.) On October 24, 2025, petitioner filed an application to adjust status based on the status of his spouse. (*Id.* at ¶ 44.) On February 9, 2026, petitioner attended an adjustment of status interview, at which interview immigration authorities re-detained petitioner. (*Id.* at ¶ 46.)

In light of the evidence that petitioner was detained at an adjustment of status interview, the court incorporates and adopts the reasoning set forth in its prior order *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD (HC), 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), in which the court concluded that the arrest of the petitioner at his adjustment of status interview likely violated the INA and ordered immediate release as the appropriate remedy. Here, similarly, petitioner was arrested at a scheduled adjustment of status interview. Accordingly, the court will order petitioner's immediate release.

Petitioner also requests "declaratory and injunctive relief directing Respondents to re-open Petitioner's adjustment of status application and proceed to process his application[.]" (Doc. No. 1 at 20.) Respondents correctly argue that this court lacks jurisdiction to review denials of an adjustment of status application (Doc. No. 5 at 2–3). *Patel v. Garland*, 596 U.S. 328, 338 (2022) ("[8 U.S.C. § 1252(a)(2)(B)(i)] prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions.") (emphasis in original). Petitioner argues that he is instead challenging the "generally applicable policy of denying adjustment of status to similarly situated plaintiffs and detaining them in violation of the law." (Doc. No. 6 at 6.) Even were such a claim properly brought by way of a habeas action, the court need not resolve the merits of that claim because it cannot order the reopening his adjustment of status application and

2

has otherwise granted petitioner all of the other relief sought.  Accordingly, the court will not issue the requested declaratory and injunctive relief regarding petitioner's application for adjustment of status.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a.    Respondents are ORDERED to immediately release petitioner Vladislav Potapov, A-File No. 241-672-383, from respondents' custody;

    b.    Respondents are ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 7) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **May 28, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3